UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL JOHNSON                                         Case No.: 1:15-cv-07218-AKH

                    Plaintiff,                    **FIRST AMENDED COMPLAINT**


             -against-                                     **JURY TRIAL DEMANDED**


THE CITY OF NEW YORK,
POLICE OFFICER CARLOS FERMIN, *Shield #17927*,          ECF Case
*And* POLICE OFFICER LINHONG LI, *Shield #31771,*

                  Defendants,
------------------------------------------------------------X

      Plaintiff PAUL JOHNSON, by his attorneys, Norman Keith White, Kenneth J. Montgomery and Alexis G. Padilla, hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the plaintiff, PAUL JOHNSON, seeks relief for the defendants' violations of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. Plaintiff Paul Johnson is a citizen of the United States, New York State and New York City. At all times relevant to this complaint he was of full age.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant

CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officers.

8. Defendant Police Officer Carlos Fermin was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, Defendant Police Officer Carlos Fermin acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of Defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the CITY OF NEW YORK and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant Police Officer Linhong Li was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, Defendant Police Officer Linhong Li acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of Defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the CITY OF NEW YORK and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. By the conduct, acts and omissions complained of herein, the Defendant officers violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which reasonable police officers under the circumstances would have known.

## NOTICE OF CLAIM

11. Plaintiff timely filed a Notice of Claim with the Comptroller of the CITY OF NEW YORK, setting forth the facts underlying Plaintiff's claim against Defendant CITY OF NEW YORK.

12. The City assigned a claim number to Plaintiff's claim, and Plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on February 12, 2015.

13. To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant CITY OF NEW YORK in response to this claim.

14. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

15. On October 12, 2014, at approximately midnight, Plaintiff Paul Johnson was waiting on the 1 train at the 125th street and Broadway station in Manhattan.

16. At approximately midnight, Plaintiff ascended the stairs to the elevated subway platform and began waiting for the train.

17. As he waited, Plaintiff was approached by Defendant Police Officer Linhong Li and another unnamed officer.

18. Defendant Li and the unnamed officer arrested Plaintiff for smoking a cigarette on the subway platform.

19. After placing Plaintiff in handcuffs, the officers escorted Plaintiff to the other side of the tracks where they boarded an uptown bound 1 train which they rode to the 145th Street station, where there is a police precinct located within the confines of the station.

20. Once he arrived at the station, Plaintiff encountered Defendant Police Officer Fermin.

21. While in full police custody and under the care and supervision of Defendant Police Officer Li and Defendant Police Officer Fermin, Plaintiff was punched by Police Officer Fermin and knocked unconscious.

22. The next morning, Plaintiff awoke handcuffed to a bed in Harlem Hospital with a fractured jaw, fractured nose, a black eye and other swelling about the head and face.

23. The officer assigned to Plaintiff at Harlem Hospital stated to Plaintiff that he had "messed with the wrong officer."

24. From Harlem Hospital, Plaintiff was transported by other officers to central booking and then eventually to Manhattan Criminal Court.

25. Although Plaintiff was charged with disorderly conduct all charges against Plaintiff were eventually dismissed.

26. Subsequently, Plaintiff filed a complaint with the Civilian Complaint Review Board ("CCRB") alleging excessive force against Defendant Police Officer Carlos Fermin, whose was unknown to Plaintiff at the time.

27. The CCRB assigned case number 201410604 to Plaintiff's complaint.

28. The CCRB's investigation substantiated Plaintiff's claim that excessive force was used against him by Police Officer Carlos Fermin. The investigation also found that Police Officer Linhong Li was present when the force was used.

29. Subsequent to Plaintiff's sustaining the injuries to his jaw and nose while under arrest, Plaintiff was unable to work for approximately three months and then was only able to work part time for several weeks once he was able to return.

30. Plaintiff sustained financial losses from lost work totaling approximately $5,000.

31. In addition, Plaintiff incurred medical fees related to a surgical procedure on his jaw. Plaintiff also incurred medical fees related to follow up visits pertaining to his broken nose and jaw.

32. Plaintiff incurred medical fees related to the injuries he sustained while in police custody totaling approximately $1,000.

33. Prior to this incident Plaintiff had never before suffered a broken nose or jaw.

## FIRST CAUSE OF ACTION: EXCESSIVE FORCE

**Deprivation of Rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983**

**against Defendant Police Officer Carlos Fermin**

34. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

35. The conduct and actions of Defendant Police Officer CARLOS FERMIN, acting under color of state law, in causing Plaintiff's nose and jaw to be broken, were excessive and unreasonable; were done intentionally, maliciously, and with callous disregard for the natural and probable consequences, was done without lawful jurisdiction or reason, was designed to and did cause specific and serious physical injury in violation of Plaintiff's rights as secured by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution,

including the right to be free from unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

36. At all times relevant to this complaint, Defendant Police Officer CARLOS FERMIN acted under color of state law and in his official capacity as a duly sworn officer of the New York Police Department.

37. As a result of Defendant Police Officer CARLOS FERMIN's violation of Plaintiff's constitutional rights, Plaintiff suffered the injuries complained of herein.

## SECOND CAUSE OF ACTION: FAILURE TO INTERVENE

**Deprivation of Rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 against Defendant Police Officer Linhong Li**

38. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

39. Defendants Police Officer Linhong Li is liable for the above-stated actions of Defendant Police Officer Carlos Fermin because he failed to intervene to stop Defendant Police Officer Carlos Fermin from violating plaintiff's rights when he knew or should have known that Plaintiff's rights were being violated.

40. Defendants Police Officer Linghong Li had a duty to intervene to prevent the use of excessive force by a fellow officer.

41. Defendants Police Officer Linghong Li each had a reasonable opportunity to intervene.

42. Defendants Police Officer Linghong Li failed to intervene to prevent the use of excessive force against Plaintiff.

43. As a direct and proximate result of Defendant Police Officer Linghong Li's failure to intervene Plaintiff suffered injuries and damages as stated herein.

## THIRD CAUSE OF ACTION: MUNICIPAL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE

*Monell* **Claim against the City of New York pursuant to 42 U.S.C. § 1983**

44. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

45. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers Fermin and Li. The conduct of the Defendant Police Officers was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

46. At all times relevant to this complaint Defendant CITY OF NEW YORK had in effect policies, practices, and customs that condoned unnecessary and excessive use of force against individuals in police custody.

47. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have in engaged in excessive force.

48. As a result of the above described policies an customs, police officers of the CITY OF NEW YORK, including the defendant officers, believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. The wrongful polices, practices customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

### FOURTH CAUSE OF ACTION: ASSAULT AND BATTERY

#### Common Law Claim

50. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

51. By breaking Plaintiff's jaw and nose, Defendant Police Officer Carlos Fermin inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendant Police Officer Carlos Fermin were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. Defendant Police Officer Carlos Fermin's acts constituted an assault upon Plaintiff in Defendant Police Officer Carlos Fermin intentionally attempted to injure Plaintiff or commit battery upon him.

53. Defendant Police Officer Fermin's acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

54. The actions of Defendant Police Officer Carlos Fermin were intentional, reckless, and unwarranted and without any just cause or provocation and Defendant Police Officer Carlos Fermin knew or should have known that his actions were without the consent of Plaintiff.

55. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

56. As a result of Defendant Police Officer Carlos Fermin's violation of Plaintiff's constitutional rights, Plaintiff suffered the injuries complained of herein.

## FIFTH CAUSE OF ACTION: NEGLIGENCE

### Common Law Claim against Defendant Linhong Li

57. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

58. Defendant Police Officers Linghong Li, while acting as an agent and employee for Defendant CITY OF NEW YORK, owed a duty to Plaintiff to perform his police duties to stop the use of excessive force. Defendant Police Officer Li's inaction constitutes negligence for which Defendant Police Officer Linhong Li is individually liable.

59. As a result of Defendant Police Officer Linhong Li's violation of Plaintiff's constitutional rights, Plaintiff suffered the injuries complained of herein.

## SIXTH CAUSE OF ACTION: RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

### Common Law Claim

60. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

61.     The conduct of Defendant Police Officer Carlos Fermin and Defendant Police Officer Linhong Li alleged herein occurred while the defendants were on duty and in uniform, in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents, officers, servants and employees of Defendant CITY OF NEW YORK, which as a result, is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

## SEVENTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Common Law Claim

62.     Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

63.     Defendant Police Officer Carlos Fermin's conduct, in breaking Plaintiff's nose and jaw while Plaintiff was already in police custody and posed no threat to defendant, himself or others, was without justification, was extreme, outrageous and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

64.     Defendant Police Officer Carlos Fermin's conduct as described above was intended to and did cause severe emotional distress to Plaintiff.

65.     The conduct of Defendant Police Officer Carlos Fermin was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.     As a result of the foregoing, Plaintiff was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## EIGHTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Common Law Claim

67. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

68. Defendant Police Officer JOHN DOE's conduct, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

69. The acts and conduct of Defendant Police Officer JOHN DOE was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, Plaintiff was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## NINTH CAUSE OF ACTION: NEGLIGENT SUPERVISION, RETENTION AND TRAINING

### Common Law Claim

71. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

72. Defendant CITY OF NEW YORK negligently trained, retained, and supervised Defendant Police Officer JOHN DOE. The acts and conduct of Defendant Police Officer JOHN DOE were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages in the amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this Court may deem just and proper.

Dated: January 29, 2016

    Brooklyn, New York

                                                */s/ Alexis G. Padilla*

                                        ALEXIS G. PADILLA, Esq. [AP-7400]
                                        575 Decatur Street #3
                                        Brooklyn, NY 11233
                                        (P) 917-238-2993
                                        Alexpadilla722@gmail.com
                                        Of Counsel to Norman Keith White and Kenneth J. Montgomery, PLLC.
                                        198A Rogers Avenue
                                        Brooklyn, NY 11225
                                        *Attorneys for Plaintiff*
                                        *Paul Johnson*